RECEIVED
FEB 07 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

RAED SAYMEH
Petitioner's Name and Number

2:11cv207 Sec.P.
Civil Action Number

Minaldi
Judge

VS.

Kay
Magistrate Judge

ERIC H. HOLDER, Jr., et al.
Name of Respondent

APPLICATION FOR FEDERAL WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. §2241

1. Present place of confinement FEDERAL DETENTION CENTER, OAKDALE, LA. 71463.

2. Indicate the basis for your petition and complete the portions of the application form indicated:

a. ______ A conviction.

b. ______ A sentence. CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C.§2255 in the federal court which entered the judgment.

c. ______ Prison discipline.

d. ______ A parole problem.

e. ______ A detainer placed by the State of ______.

f. __X__ A deportation order or detainer placed by the Immigration & Naturalization Service.

g. __X__ Continued detention in the custody of the Immigration & Naturalization Service.

h. ______ Other ______

3. PERSONS CHALLENGING A FEDERAL CONVICTION OR SENTENCE COMPLETE THIS PART.

a. Name and location of court which entered judgment of conviction and the sentence you are currently serving and which is currently under attack. N/A

b. Date of judgment of conviction. N/A

c. Length of sentence imposed. N/A

d. Name of sentencing judge. N/A

e. Nature of the offense(s) for which you were convicted (list all counts). N/A

f. What was your plea? N/A

_______ Guilty

_______ Not Guilty

_______ Nolo Contendere

If you entered a GUILTY plea to one count or indictment and a NOT GUILTY plea to another count or indictment, give details. N/A

g. Type of trial. N/A

_______ Jury

_______ Judge Only

h. Did you testify at trial? N/A

_______ Yes

_______ No

i. Did you appeal from the judgment of conviction? N/A

_______ Yes

_______ No

j. If you did appeal, answer the following:

1. Name of court. N/A
2. Result of appeal. N/A
3. Date of result. N/A
4. Grounds raised on appeal. N/A

k. Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications or motions withrespect to this judgment in any court, state or federal? N/A

_______ Yes _______ No

If YES, give the following information:

1. Name of court. N/A
2. Nature of proceeding. N/A
3. Grounds raised. N/A

(i) Did you receive an evidentiary hearing on the petition, application, or motion? N/A

_______ Yes

_______ No

(ii) If YES, give the following information:

Result. N/A

Date of result. _______

l. Have you filed a motion under Section 2255 of Title 28 of the United States Code to vacate, set aside, or correct the sentence imposed?

_______ Yes

_______ No

If YES, what grounds were presented? N/A

m. Do you have any petition, application, or appeal pending in any court, state or federal?

_______ Yes

_______ No N/A

If YES, give the following information:

1. Name of court. N/A
2. Nature of proceeding. N/A
3. Date of filing. N/A
4. Suit Number. N/A
5. Current status. N/A

n. Have you been sentenced on more than one count of an indictment, or on more than one indictment in the same court at the same time?

_______ Yes N/A

_______ No

o. Do you have any future sentence to serve after you complete the sentence imposed by the

judgment under attack in this petition? N/A

________ Yes

________ No

If YES, give the following information:

1. Name and location of the court which imposed the sentence to be served in the future. N/A

2. Length of sentence to be served in the future. N/A

3. Have you filed or do you contemplate filing any petition attacking the judgment which imposed the future sentence. N/A

________ Yes

________ No

4. PERSONS CHALLENGING A DECISION BY THE PAROLE COMMISSION COMPLETE THIS PART.

a. Have you presented this claim or any other claim challenging the Parole Commission's decision to the National Appeals Board or any other available agency for review?

________ Yes N/A

________ No

If YES, what was the result? N/A

5. PERSONS CHALLENGING A STATE DETAINER COMPLETE THIS PART.

a. Have you presented this claim or any other claim concerning the legality of the state detainer placed against you to that state's highest court? (NOTE: Interstate Agreement on Detainers) N/A

________ Yes

________ No

6. PERSONS CHALLENGING ACTIONS BY THE IMMIGRATION & NATURALIZATION SERVICE COMPLETE THIS PART.

a. Have you presented this claim or any other claim concerning the INS's action to the Board of Immigration Appeal? N/A

________ Yes

________ No

If YES, what was the date and result of the appeal? January 20th 2011 CONTINUE DETENTION

7. THIS SECTION IS TO BE COMPLETED BY ALL PETITIONERS.

Specifics of your claim. State concisely and clearly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. Do not cite case law.

Give only factual information.

GROUND ONE Petitioner's continued detention is a violation of 8 U.S.C § 1231(a)(6).

SUPPORTING FACTS Zadvydas V. Davis, 533 U.S. 678 (2001)

GROUND TWO Substantive Due Process violation under the Fifth Amendment.

SUPPORTING FACTS Zadvydas V. Davis, 533 U.S. 678 (2001)

GROUND THREE

SUPPORTING FACTS

GROUND FOUR

SUPPORTING FACTS

January 20th 2011
Date

Raed Sayyid
Signature of Petitioner

RECEIVED
BW
BY:
FEB 07 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

No $ sent

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

RAED SAYMEH
Petitioner,

- VS -

ERIC H. HOLDER, Jr., ATT'Y GEN.
JANET NAPOLITANO, SEC. DHS.
PHILLIP MILLER, ICE Field Office Director, New Orleans District,
J.P. YOUNG, Warden, Federal Detention Center, Oakdale, LA.

Respondents.

Civil Action No.: 2:11cv207 Sec P

File No.: A 029-401-035

DETAINED

PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241.

Petitioner Raed Saymeh, pro se, hereby petitions this Court for a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges the following:

## CUSTODY

1. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at the Federal Detention Center in Oakdale, Louisiana. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et Seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 6, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under colour of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

5. Pursuant to Braden V. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Western District of Louisiana, Shreveport, Louisiana, the judicial district in which Petitioner resides.

## PARTIES

**6.** Petitioner is a stateless individual born in Palestine. Petitioner was first taken into ICE custody on the 20th of September, 2010, and has since remained in ICE custody since that date. Petitioner was ordered removed in the year 2000. The order of deportation became final in 2004.

7. Respondent, **Eric H. Holder, Jr.,** is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration and Naturalization Act (INA). As such, Mr. Holder has ultimate custodial authority over Petitioner.

8. Respondent **Janet Napolitano,** is the Secretary of the Department of Homeland Security. She is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, Janet Napolitano is the legal custodian of the Petitioner.

9. Repsondent, **Phillip Miller**, is the Field Office Director of the New Orleans Field Office and is Petitioner's immediate custodian. See Vasquez V. Reno, 233 F.3d 688, 690 (1st Cir. 2000) cert. denied 122 S. Ct. 43 (2001).

10. Respondent Warden of Federal Detention Center, Oakdale, Louisiana, where Petitioner is currently detained under the authority of ICE, alternatively may be considered to be Petitioner's immediate custodian.

## FACTUAL ALLEGATIONS

11. Petitioner Raed Saymeh, is Stateless. Petitioner has been in ICE custody since September 20th 2010. An Immigration Judge ordered the Petitioner removed in the year 2000.

12. To date, however, ICE has been unable to remove the Petitioner to Palestine (Petitioner's country of birth) or any other State.

13. Petitioner has cooperated fully with all efforts in conjunction with ICE to remove him from the United States. Petitioner has signed all papers brought before him by ICE to request for travel documents, including providing all information about where and when he was born, and or provided ICE with photographs, and fingerprints and all credentials.

14. Petitioner's most recent custody review was 01/06th/2011. On that date, Petitioner was served with a written decision by ICE to continue his detention.

15. In Zadvydas V. Davis, 533 U.S. 678 (2001), the Supreme Court held that six (6) months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal. Id. at 702. This was found to apply to inadmissible aliens in Clark V. Martinez, 125 S. Ct. 716, 727 (2005).

16. Petitioner was ordered removed in the year 2000, and the order became final in the year 2004. Therefore, the six-month presumptively reasonable removal period for the Petitioner ended on the 20th day of March 2011.

## CLAIMS FOR RELIEF

## COUNT ONE

## STATUTORY VIOLATION

17. Petitioner re-alleges and incorporates by reference 1 through 16 supra.

18. Petitioner's continued detention by the Respondents violates 8 U.S.C § 1231(a)(6), as interpreted in Zadvydas. Petitioner's ninety (90) day statutory removal period and six (6) month presumptively reasonable period for continued removal efforts both have passed. Respondents are unable to remove Petitioner from the United States.

In Martinez, the Supreme Court held that continued detention of someone like Petitioner under such circumstances is unreasonable and not authorized by the 8 U.S.C. § 1231(a)(6).

COUNT TWO

SUBSTANTIVE DUE PROCESS VIOLATION

19. Petitioner re-alleges and incorporates by reference paragraphs 1 through 8 supra.

20. There is no significant likelihood that Petitioner will be removed in the reasonable foreseeable future.

21. The Petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The due process clause of the Fifth Amendment requires that the deprivation of the Petitioner's liberty be narrowly tailored to serve a compelling Government interest. While Respondents might have a compelling Government interest in assuring Petitioner's presence at the time of deportation, that interest does not justify Petitioner's indefinite detention where he is unlikely to be removed from United States. This continued detention violates substantive due process.

COUNT THREE

PROCEDURAL DUE PROCESS VIOLATION

22. Petitioner re-alleges and incorporates by reference paragraph 1 through 21 supra.

23. Under the Due Process Clause of the Fifth Amendment, an alien is entitled

to a timely and meaningful opportunity to demonstrate that he should not be detained. Petitioner in this case has been denied that opportunity. There is no administrative mechanism in place for the petitioner to obtain a decision from a neutral arbiter or appeal a custody decision that violates Martinez. See generally 8 C.F.R. § 212.12. The custody review procedures for Raed Saymeh, are unconstitutionally insufficient both as written and as applied. A number of Courts have identified a substantial bias within ICE towards the continued detention of aliens, raising the risk of an erroneous deprivation to unconstitutionally high levels. See, e.g., Phan V. Reno, 56 F. Supp. 2d 1149, 1157 (W.D. WASH. 1999)("INS does not meaningfully and impartially review the Petitioner's custody status."); St. John V. McElroy, 917 F. Supp. 243, 251 (S.D.N.Y. 1996)("Due to political and community pressure, INS, an executive agency has every incentive to continue to detain aliens with aggravated felony convictions, even though they have served their sentences on the suspicion that they may continue to pose a danger to the community."); See also Rivera V. Demora, No. C99-3042 TEH, 1999 WL 521177, *7 (N.D. Cal. Jul. 13, 1999) (procedural due process requires that alien release determination be made by impartial adjudicator due to agency bias).

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Grant Petitioner a Writ of Habeas Corpus directing the Respondents to immediately release Petitioner from custody .

3. Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4. Award Petitioner attorney fees if any, and cost under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

5. Grant any other and further relief that this Court deems just and correct.

Respectfully submitted on this 20th day of January 2011.

RAED SAYMEH
Petitioner, Pro se
Reg. No.: 42004-265
A# 029-401-035
Federal Detention Center
Post Office Box 5010
Oakdale, LA. 71463

Date: 02/02/2011
Time: 7:55:39 am

Location: OAX

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF PRISONS

Request for Withdrawal of Inmate's Personal Funds

Encumbrance No.: **1216**

Please charge to my account the sum of **$5.00** and authorize the same to be paid to :

Contact/FMIS Certification Address
Clerk Of Court, Louisiana
300 FANNIN ST
SHREVEPORT
LA 71101 - 3083
United States

Purpose: Court Fees
Check Memo: Court Fee

(Signature of Inmate)

42004265 - SAYMEH, RAEL ABDULMOT

(Inmate Register No./Name)

(Signature of Approving Official)

(Signature of Deposit Fund Tech)

(Payment #)

Clerk of Court $5.00

The inmate's personal account has been charged in the amount indicated above.


RECEIVED
BY BW
FEB 07 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Raed Saymeh
Reg. No.: 42004-265
Federal Detention Center
Post Office Box 5010
Oakdale, LA. 71463-5010

January 20th 2011

The Court Clerk

United States District Court
For Western District of Louisiana
300 Fannin Street
Suite 1167
Shreveport, LA. 71101-3083.

Dear Clerk,

Please find enclosed for filing with this Court a **Petition For Writ of Habeas Corpus**, pursuant to 28 U.S.C. § 2241.

Please process accordingly.

Respectfully submitted,

[signature]

RAED SAYMEH
Petitioner, Pro se.

RAED SAYMEH
REG. NO.: 42004-265
FEDERAL DETENTION CENTER
POST OFFICE BOX 5010
OAKDALE, LA. 71463-5010

CERTIFIED MAIL

7006 2760 0001 0417 7105






THE COURT CLERK,
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
300 FANNIN STREET, SUITE 1167
SHREVEPORT, LA. 71101-3083

LEGAL MAIL

LEGAL MAIL



Federal Correctional Institution
Oakdale, LA 71463

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address."