UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RAED SAYMEH** | **CIVIL ACTION NO. 11-207** |
| A# 029-401-035 | SECTION P |
| VS. | JUDGE MINALDI |
| **ERIC H. HOLDER, JR., ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed on January 28, 2011, by *pro se* petitioner, Raed Saymeh, pursuant to 28 U.S.C. §2241.  Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE).  He is presently detained at the Federal Detention Center, Oakdale, Louisiana.  By this petition, petitioner seeks review of his custody status.

Petitioner is a native of Palestine and has been under an order of removal since 2004.  In sum, he challenges his post-removal-order custody as indefinite.  In support of this assertion, the petitioner states that he has fully complied with the respondent's requests in his removal proceedings.

In order to determine what action should be taken with respect to this petition,

**THE CLERK IS DIRECTED** to serve a summons, a copy of the petition, and a copy of this order by certified mail on the United States Attorney through the United States Attorney for the Western District of Louisiana, the United States Attorney General, the United States Immigration and Customs Enforcement (ICE), the Director of the ICE,  and the warden of the facility where petitioner is confined.

**IT IS ORDERED** that respondents file an answer to the petition within twenty-one (21) days of the date of service. In their answer, the respondents shall provide the court with summary judgment evidence indicating whether there is a significant likelihood of removal in the reasonably foreseeable future or whether petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in post-removal-order custody, the date on which his removal order became final, any administrative decisions relating to petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for petitioner.

The respondents shall also file a memorandum of law briefing the issues raised within their answer and citing applicable statutory and case law. The memorandum should also address whether there is a significant likelihood of removing petitioner from the United States in the reasonably foreseeable future. *Zadvydas v. Davis*, 121 S.Ct. 2491, 2498 (2001).

**IT IS FURTHER ORDERED** that petitioner will then be given twenty-one (21) days following the filing of respondents' answer to produce contradictory summary judgment evidence[1] on the issue of the lawfulness of his detention.

**FINALLY, IT IS ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by petitioner and the respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be made without further

---

[1] Summary judgment evidence consists of affidavits or unsworn declarations made in accordance with 28 U.S.C. §1746, deposition testimony, answers to interrogatories, admissions, and sworn or certified copies of all papers referred to. All affidavits or unsworn declarations must comply with Rule 56(e). They shall be made on personal knowledge and set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

notice.

THUS DONE AND SIGNED in Chambers this 1st day of April, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE